IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILLIAM B. BROWN,<br>         Plaintiff,<br>    v.<br><br>AVRIL HAINES,<br>         *Defendant.* | No. 1:23-cv-00221 (MSN/IDD) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (ECF 42) with respect to the Court's dismissal of Plaintiff's complaint (ECF 5). Having considered the motion, the opposition, and for the reasons stated below, the Court **DENIES** the motion for reconsideration.[1]

I.   PROCEDURAL HISTORY

On March 22, 2023, Plaintiff William Brown filed an amended complaint[2] *pro se* against Avril Haines, in her official capacity as Director of National Intelligence ("Defendant") alleging that the Office of the Director of National Intelligence ("ODNI") rescinded his conditional offer of employment ("COE") as National Intelligence Officer of Economics based upon unlawful age discrimination. *See* ECF 5 ("Compl."). On May 25, 2023, Defendant moved to dismiss the complaint for failure to state a claim, or, in the alternative, for entry of summary judgment. ECF 19-20 ("Mot. to Dismiss and for Summ. J."); ECF 21 ("Def. Mem."). Brown timely filed a response on June 8, 2023 (ECF 25) ("Opp."), and Defendant filed a reply on June 27, 2023, (ECF 30) ("Reply"). Brown filed an additional opposition brief titled "Comments on Defendant's Reply of

---

[1] Plaintiff did not file a reply responding to Defendant's opposition brief.
[2] On February 17, 2023, Plaintiff filed his original complaint (ECF 1). On March 22, 2023, he filed an amended complaint (ECF 5).

1

June 27" on July 3, 2023 (ECF 34), which the Court did not consider.[3] On March 27, 2024, the Court granted Defendant's motion and dismissed Plaintiff's complaint. *See* ECF 41 ("Order"). On April 15, 2024, Plaintiff filed the instant motion pursuant to Federal Rule of Civil Procedure 59(e), alleging that the Court "made errors of law [], fact [], and process []." ECF 42 ("Mot. for Reconsideration") at 1.

## II.   LEGAL STANDARD

A motion for reconsideration "is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted). The Fourth Circuit has recognized relief under Federal Rule of Civil Procedure 59(e) in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (citations omitted). Such issues "rarely arise," and motions to reconsider are rarely granted. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Courts generally do not entertain motions to reconsider which ask the Court to "rethink what the Court ha[s] already thought through—rightly or wrongly." *Id*. Moreover, "[a] prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. &*

---

[3] Local Rule 7(F)(1) provides that other than a motion's opening brief in support, the opposing party's responsive brief, and the movant's reply brief, "[n]o further briefs or written communications may be filed without first obtaining leave of Court." Allowing a surreply is within the court's discretion. *See*, e.g., *United States ex. Rel. Carter v. Halliburton Co*., 2011 WL 6178878, at *12 (E.D. Va. Dec. 12, 2011) (*rev'd on other grounds*). An "opposing party may not submit a surreply simply because the movant used their reply brief to further support an argument made in their opening brief or to respond to new arguments in the opposing party's opposition." *Adams v. Applied Bus. Servs*., 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019) (cleaned up). Plaintiff did not obtain leave of Court to file his surreply. Accordingly, the Court has not considered it.

*Networks Corp.*, 1995 WL 520978, *5 n. 6 (4th Cir. 1995)). More simply put, the Court's prior judgment must be "dead wrong." *Id*. The burden is on the moving party "to show an alteration or amendment to the judgment is necessary to correct a clear error of law or to prevent a manifest injustice." *HealthKeepers, Inc. v. Richmond Ambulance Auth*., 2011 WL 4899907, at *3 (E.D. Va. Oct. 14, 2011). Lastly, a plaintiff may not use a motion for reconsideration to present new "facts and theories" that were available to him when he opposed a motion to dismiss—in other words, a plaintiff may not employ Rule 59(e) to take "a second bite at the apple." *Hanover Ins. Co. v. Corrpro Cos*., 221 F.R.D. 458, 460 (E.D. Va. 2004).

**III.   ANALYSIS**

Brown urges the Court to reconsider its March 27 Order on three grounds. *See* Mot. for Reconsideration. Brown's first argument is that the Court made an "error of law" by "misread[ing] the Age Discrimination in Employment Act ('ADEA')" and ignoring EEOC guidance that states that "[d]iscrimination can occur when the victim and the person who inflicted the discrimination are both over 40" and by misapplying the *McDonnell-Douglas* framework. *Id*. at 5-7.

His second argument is that the Court made an "error of fact" by stating that the position for which he received a COE "was rescoped from an Asia economy focus to a global economy [one]" thereby erasing his "prima facie argument," and by also "claim[ing] without evidence that the person or persons" who made the decision to rescind his COE "did not know [he] was even over forty." *Id*. at 12.

Lastly, Brown's third argument is "based upon errors of process" by the Court for "abruptly terminat[ing]" a hearing scheduled for June 7, 2023[4] and for its alleged differential treatment regarding "Defendant's inclusion of classified data" on the Court's docket vis-à-vis him when he

---

[4] The hearing was, in fact, noticed for July 7, 2023. ECF 22.

3

"included the same data in [his] original complaint." *Id*. at 13-14. None of these arguments constitute valid bases for relief.

Regarding his first argument, Brown contends that the Court erred in holding that the ADEA requires a plaintiff to show "that a person advantaged by the employment action must be younger than forty for the victim of that action to have a claim." *Id*. at 5. In its Order, the Court stated that an aggrieved employee's "replacement must be under 40 years old, otherwise she belongs in the same protected class." Order at 10 (citing *Meyer* which states that "[a]n inference against discrimination is appropriate when the individual hired to replace plaintiff alleging discrimination is within the same protected class as plaintiff." *Meyer v. McDonald*, 241 F. Supp. 3d 379, 391 (E.D.N.Y. 2017), *aff'd sub nom. Meyer v. Shulkin*, 722 F. App'x 26 (2d Cir. 2018).

To plead a valid age discrimination claim, a plaintiff must "allege facts to satisfy the elements of an ADEA cause of action." *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020) (cleaned up). Accordingly, a plaintiff must "allege facts from which the Court can infer that he is (1) over the age of 40, and (2) experienced discrimination by an employer (3) because of his age." *Laber v. Austin*, 2023 WL 2579466, at *7 (E.D. Va. Mar. 20, 2023). In his complaint, Brown alleged that a younger woman, who "was about 40 years old," filled the position that had been conditionally offered to him. Compl. at 11. In other words, Brown chose a comparator within the same protected class, which gave rise to an inference against age discrimination. Accordingly, this argument does not merit reconsideration of the Court's March 27 Order.

Regarding his second argument, Brown alleges that the Court made "errors of fact" by stating the position, which had been conditionally offered to him, had been "rescoped from an Asia economy focus to a global economy [one]" necessitating the rescission of his COE; denying his claim that ODNI's EEO "failed to fully investigate his case and fairly present [it] to the EEOC and

4

to this Court"; and concluding that that decisionmakers "did not know [he] was over 40 years old" at the time of his COE rescission. Mot. for Reconsideration at 10-12. Brown recited these same arguments to the Court in his "Response to Defendant's Memorandum in Support of its Motions to Dismiss or Pass Summary Judgment" (ECF 25). *Compare* Mot. for Reconsideration at 10-13 to Opp. at 2-5, 7-14 (challenging the reasons for the rescission of Brown's COE, including whether and when the position was rescoped); at 5, 13 (opposing dismissal of his claim that EEO failed to fully investigate his case); and at 13-14 (arguing that management officials must have known he was over 40 years old).

"The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (cleaned up). "[L]itigants are forewarned that . . . . they should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigants." *HealthKeepers, Inc.*, 2011 WL 4899907, at *5. With regard to this matter, Brown clearly seeks to relitigate an issue previously raised before the Court and thus, this argument also fails to persuade the Court to reconsider its March 27 Order.

Regarding his third argument, Brown alleges that the two "process errors" that merit reconsideration of the Court's Order are: (1) the Court's election to rule on Defendant's motion solely on the papers and (2) the Court's preferential treatment towards Defendant when it placed classified information on the public docket versus when he did the same in his original complaint. Mot. for Reconsideration at 13. Neither basis is appropriate for reconsideration pursuant to Rule 59(e). Under the Local Rules that govern this Court, the Federal Rules of Civil Procedure, and the Court's inherent authority to manage its docket, the Court exercised its discretion to rule on the

papers without oral argument. E.D. Va. Loc. Civ. R. 7(J); Fed. R. Civ. P. 78. Furthermore, contrary to Brown's allegation, Defendant did not place classified information on the public docket. *See* ECF 33 ("Defendant's Notice Regarding Plaintiff's Motion to Seal"). Thus, there is no error of process as Brown alleges. Mot. for Reconsideration at 13-14. Accordingly, neither process errors merits reconsideration of the Court's March 27 Order.

### IV.     CONCLUSION

The Court will not depart from its March 27 Order. In seeking reconsideration of the ruling, Plaintiff merely rehashes his arguments and repeats many of the same underlying factual allegations made in his Complaint. Brown is essentially asking the Court to "rethink what [it] had already thought through." *See Above the Belt*, 99 F.R.D. at 101. This is not a legitimate basis to reconsider the Court's March 27 Order. Accordingly, Plaintiff's Motion to Reconsider is **DENIED**.

It is **SO ORDERED.**

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
July 10, 2024